THERESE M. LAWLESS (CA Bar # 127341)*
EMILY S. McGRATH (CA Bar # 289624)*
SINCLAIRE M. PARER (CA Bar # 346148)*
**LAWLESS, LAWLESS & McGRATH**
354 Pine Street, Fourth Floor
San Francisco, CA 94104
Telephone:  (415) 391-7555
Facsimile:   (415) 391-4228
tlawless@lawlesssf.com
emcgrath@lawlesssf.com
sparer@lawlesssf.com

*pro hac vice* application forthcoming

*Attorneys for Plaintiffs*
JANE DOE ONE, JANE DOE TWO,
JANE DOE THREE, JANE DOE FOUR
 and JANE DOE FIVE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| JANE DOE ONE, JANE DOE TWO, JANE DOE THREE, JANE DOE FOUR and JANE DOE FIVE,<br><br>Plaintiff,<br><br>vs.<br><br>THE NATURE CONSERVANCY, DOUGLAS SHAW, and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No. 24-cv-01570<br><br>JUDGE<br><br>PLAINTIFFS' MOTION TO FILE COMPLAINT UNDER PSEUDONYM AND SEAL THE COMPLAINT |
|---|---|

   This Motion is made pursuant to the Court's inherent authority, Rule 5.2(d) and (2) of the Federal Rules of Civil Procedure, and Local Rule 5.6, subdivisions (d) and (e), and is based upon the motion below and, if requested by the Court, arguments of counsel are to be presented at a hearing at a date and time to be determined by the Court.

1  Plaintiffs bring this Motion to request that the Court permit Plaintiffs to file the
2  Complaint under a pseudonym and seal the unredacted Complaint in this matter because the
3  Complaint contains confidential and sensitive information about Plaintiffs and other
4  individuals who are not parties to this action. Disclosure of such information could threaten
5  the reputations, livelihoods, and safety of Plaintiffs and their family members. Therefore,
6  there is good cause to file the Complaint under seal. Plaintiffs have redacted only the portions
7  of the Complaint that include confidential and sensitive information (i.e. only names),
8  thereby preserving the competing interest of the public's right of access.

9  Plaintiffs further request leave to proceed pseudonymously in order to protect
10 Plaintiffs and others who are not parties to this action from significant harm that could result
11 from revealing their identity to the public, as described further in the Complaint. "Though
12 neither the Supreme Court nor the Eighth Circuit have directly addressed pseudonymous
13 litigation, both courts have allowed parties to use pseudonyms." *Doe v. Innovate Fin., Inc*,
14 No. CV 21-1754 (JRT/TNL), 2022 WL 673582, at *3 (D. Minn. Mar. 7, 2022). Specifically,
15 a plaintiff may proceed under a pseudonym if "(1) they are challenging a governmental
16 activity; (2) prosecution of the suit would compel plaintiff to disclose information of the
17 utmost intimacy; or (3) plaintiff would be compelled to admit their intention to engage in
18 illegal conduct and risk prosecution" *Id.*

19  "The Court can look to a variety of factors such as: (1) whether the
   litigation involves matters that are highly sensitive and of a personal matter;
20  (2) whether identification presents other harms and the likely severity of
   those harms, including whether the injury being litigated against would be
21  incurred as a result of disclosure; (3) whether the defendant is prejudiced; (4)
   whether the plaintiff's identity has thus far been kept confidential; (5)
22  whether the public's interest in the litigation is furthered by requiring the
   plaintiff to disclose their identity; and (6) whether there are alternative
23  mechanisms to protecting the confidentiality of plaintiff."

*Id.* (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008).) Here, as set forth in the Complaint, prosecution of Plaintiffs' suit will compel them to disclose information of the "utmost intimacy" that is "highly sensitive." In this case, Defendant Douglas Shaw published numerous images of Plaintiffs, or images he falsely claimed were of Plaintiffs, on his social media accounts without their consent. These images and the accompanying comments objectified and sexualized Plaintiffs. The images at issue include, but are not limited to, an image of one of the Plaintiffs with what appears to be ejaculate on her face, several images of many of the Plaintiffs' body parts (cleavage, buttocks) with sexual commentary, an image of a pregnant woman masturbating whom he falsely claimed was one of the Plaintiffs, false captions suggesting Plaintiffs had sex with one another or others, and other images and comments sexualizing Plaintiffs. *See e.g.* Compl. ¶¶ 32-34. This court has allowed parties whose alleged sexual activities are at the heart of the litigation to file under pseudonyms. *See Doe v. Univ. of St. Thomas*, No. 16-CV-1127-ADM-KMM, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016) (allowing the plaintiff to file under a pseudonym in a case regarding "very private sexual acts, whether consensual or not, between two young college students"); *Doe v. Innovate Fin., Inc*, No. CV 21-1754 (JRT/TNL), 2022 WL 673582, at *3 (D. Minn. Mar. 7, 2022) (allowing the plaintiff to file under a pseudonym where the "Complaint describes incredibly private sexual acts, and it is certain that exploration of these intimate matters will be central to the resolution of this case.")

The present case involves false statements about Plaintiffs engaging in sexual acts, images that were altered to look like Plaintiffs were engaging in sexual acts, and comments where Douglas Shaw incited sexual discussions regarding Plaintiffs. *See e.g.* Compl. ¶¶ 32-

34. The subject matter of this litigation could subject Plaintiffs to harmful professional and personal ramifications. Plaintiffs' claims and any affirmative defenses raised by Defendants may require the Court to examine the authenticity of the images and the false comments about Plaintiffs sexual activities. Additionally, there were images and comments made about some Plaintiffs' families, including in some instances, a minor child. Thus, the resolution of this matter will not only address Plaintiffs themselves, but also third parties and minors who are not involved in the litigation.

Moreover, Plaintiffs will be subject to the same reputational harms should their names be public. In *Doe v. Univ. of St. Thomas*, No. 16-CV-1127-ADM-KMM, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016), this Court allowed Plaintiff to proceed under a pseudonym, in part, because his injuries included "damage done to his reputation and future prospects" at the hand of Defendants. *See also Doe v. Innovate Fin., Inc*, No. CV 21-1754 (JRT/TNL), 2022 WL 673582, at *3 (D. Minn. Mar. 7, 2022) ("Doe's identity would result in further loss of reputation—simply having her name associated with this case could tarnish her professional reputation"). Likewise, here, Plaintiffs suffered due to the publication of false statements about them as well as real and false images of them. These images had personal and professional repercussions for them. Thus, by requiring Plaintiff's to use their true identities, they would face further irreversible harm.

Finally, Defendants and the public have not and will not suffer prejudice if Plaintiffs are permitted to proceed with a pseudonym because Plaintiffs' names are contained in the unredacted version of the Complaint that has been filed under seal and is accessible to Defendants. *Doe v. Tsai*, No. CV 08-1198-DWF/AJB, 2008 WL 11462908, at *4 (D. Minn. July 23, 2008) (granting motion to proceed with pseudonyms and discussing that

"Defendants know the identities of all their accusers, and shielding the child-Plaintiffs' identities from the public record will not prejudice their case"); *See also Doe v. Innovate Fin., Inc*, No. CV 21-1754 (JRT/TNL), 2022 WL 673582, at *4 (D. Minn. Mar. 7, 2022) (discussing how "Defendants would not be prejudiced by allowing Doe to use a pseudonym as they already know her real identity and there would be no burden on discovery.")

Thus, the serious and irreparable risk of harm to Plaintiffs and their family members from public disclosure of their names outweighs any public interest. Plaintiffs therefore respectfully request the Court grant Plaintiffs' motion to file the Complaint under seal and proceed under pseudonyms.

Dated: April 30, 2024    By:    /s/ Therese Lawless

THERESE M. LAWLESS (CA Bar # 127341)*
EMILY S. McGRATH (CA Bar # 289624)*
SINCLAIRE M. PARER (CA Bar # 346148)*
**LAWLESS, LAWLESS & McGRATH**
354 Pine Street, Fourth Floor
San Francisco, CA 94104
Telephone:  (415) 391-7555
Facsimile:   (415) 391-4228
tlawless@lawlesssf.com
emcgrath@lawlesssf.com
sparer@lawlesssf.com

*pro hac vice* application forthcoming
*Attorneys for Plaintiffs*

///

///

///

///

///

**LOCAL COUNSEL:**

-5-
PLAINTIFFS' MOTION TO FILE COMPLAINT UNDER PSEUDONYM AND SEAL THE COMPLAINT

Dated: April 30, 2024     By:     /s/ Christopher Moreland

Christopher Moreland (MN Bar # 0278142)
Amy Boyle (MN Bar #0392635)
MSB Employment Justice LLP
6400 Flying Cloud Dr. Ste. 215
Minneapolis, MN 55344
Telephone: 612-677-2352
cmoreland@MSBJUSTICE.COM
aboyle@MSBJUSTICE.COM